# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER SCOTT, | : | Civil No. 3:19-cv-1387 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| CO SMOKE, CO MORGAN, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Walter Scott ("Scott"), a state inmate who, at all times relevant, was incarcerated at the State Correctional Institution at Frackville, Frackville, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983, on August 12, 2019. (Doc. 1).

In response to the complaint, Defendants CO Smoke ("Smoke") and CO Morgan ("Morgan") filed a motion (Doc. 15) pursuant to Federal Rule of Civil Procedure 12(b)(6), accompanied by a supporting brief (Doc. 16), seeking dismissal for failure to exhaust his administrative remedies prior to commencement of the action, *inter alia*. On November 7, 2019, in accordance with Paladino v. Newsome, 885 F.3d 203 (3d Cir. 2018), the Court placed the parties on notice that it will consider exhaustion in its role as fact finder and afforded them the opportunity to be heard under Small v. Camden Cty., 728 F.3d 265 (3d Cir. 2013). (Doc. 17). Defendants supplemented the motion on November 15, 2019. At that time the Court also informed Plaintiff of his obligation to oppose Defendants' motion and informed him that if he did not file a timely brief in

opposition, Defendants' motion would be deemed unopposed. Plaintiff has failed to oppose the motion. For the reasons that follow, the motion will be deemed unopposed and granted.

I.  **Scott's Complaint**

Scott alleges that when he exited the prison dining hall on June 30, 2019, Defendant Smoke stopped him and conducted a pat down search of him, during which Smoke squeezed his buttocks. (Doc. 1, pp. 1-3). He alleges that this action constituted sexual assault.

He indicates that he wrote a grievance, but no action was taken. (Id. at 3). He also alleges that he had a "written Prea" but that he had not yet had a response to the complaint. (Id.). He seeks compensatory damages.

II.  **Standards of Review**

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court

may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding

whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## III. Discussion

Defendants seek dismissal of Scott's complaint based on his failure exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996 (the "PLRA"). The PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, —U.S. —; 136 S. Ct. 1850, 1856 (2016); see Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust– irrespective of 'special circumstances.'" Id. "And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account. See Miller v. French, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (explaining that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion")." Id. at 1856-57. "Of course, exhaustion applies only when administrative remedies are 'available.' Under certain circumstances, a nominally extant prison grievance policy is not truly an 'available' remedy. Ross v. Blake, —— U.S. ——, 136 S. Ct. 1850, 195 L.Ed.2d 117 (2016). This applies when the procedure 'operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates," where it is "so opaque that it becomes, practically speaking, incapable of use,' or 'when prison administrators thwart inmates from taking advantage

of a grievance process through machination, misrepresentation, or intimidation.' Id. at 1859–60." Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019)

The PLRA mandates that an inmate "properly" exhaust administrative remedies before filing suit in federal court, which demands compliance with an agency's deadlines and other procedural rules. Woodford v. Ngo, 548 U.S. 81, 92 (2006); Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004) (concluding that the PLRA includes a procedural default component); Rivera v. Pa. Dep't of Corr., 388 F.App'x 107, 108 (3d Cir. 2010) (stating "[a]n inmate must exhaust his administrative remedies prior to filing a civil action in federal court."). Inmates who fail to fully, or timely, complete the prison grievance process, or who fail to identify the named defendants, are barred from subsequently litigating claims in federal court. See Spruill, 372 F.3d 218. Notably, prison administration must also comply with the demands of the system. "[A]s soon as a prison fails to respond to a properly submitted grievance or appeal within the time limits prescribed by its own policies, it has made its administrative remedies unavailable and the prisoner has fully discharged the PLRA's exhaustion requirement." Shifflett, 934 F.3d at 365.

Whether an inmate has properly exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. See Small v. Camden County, 728 F.3d. 265, 268 (3d Cir. 2013); see also Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010).

Defendants seek dismissal because the investigation into Scott's PREA complaint mandated by "DC-ADM 008, Prison Rape Elimination Act (PREA) Procedures Manual",

remains open. (Doc. 16; Doc. 18-2). Attached to Scott's complaint (Doc. 1, p. 4), is a "Rejection Form" informing him that the subject matter of his grievance, "allegations of a sexual nature against a staff member..." required the filing of a complaint in accordance with DC-ADM 008 Prison Rape Elimination Act (PREA). (Id.). The rejection form further advised him that the grievance was forwarded to the Security Office and the PREA Compliance Manager for initiation of an investigation and that his grievance would be addressed in the context of the open PREA investigation. (Id.). According to an investigative report (Doc. 18-3, p. 2) submitted by Defendants, Scott's PREA complaint remains under investigation. (Doc. 18-3, p. 2).

It is clear that Scott pursued relief in federal court prior to the exhaustion of administrative remedies. Woodford, 548 U.S. at 92; Spruill, 372 F.3d at 230. It is therefore appropriate to dismiss the action for failure to complete the administrative remedy process prior to the initiation of the action.

## IV. Conclusion

Based on the foregoing, Defendant's motion (Doc. 15) to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will be deemed unopposed and granted.

An appropriate Order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:      December 20, 2019